IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-499 |
| | § | C.A. No. C-07-204 |
| OSCAR VALLESILLA COLORADO, | § | |
| Defendant/Movant. | § | |

**ORDER FOR RESPONDENT TO ANSWER,
ORDER ALLOWING MOVANT TO REPLY,
ORDER GRANTING MOTIONS FOR NAME CHANGE,
AND ORDER DENYING MOTION FOR WRIT OF MANDAMUS**

**I.    Order for Respondent to Answer and Briefing Schedule**

On May 1, 2007, the Clerk received Movant Oscar Vallesilla Colorado's ("Colorado" or "Movant") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. It is now ORDERED that the United States answer the § 2255 motion not later than sixty days after the entry of this Order. As part of its answer, the government should address the effect of Colorado's waiver of his right to file a § 2255 motion, which was contained in his written plea agreement. (D.E. 19). In particular, the government shall address: (1) whether the record supports the conclusion that the waiver was knowing and voluntary; (2) whether the waiver is enforceable; and (3) whether the waiver precludes Colorado from bringing all of the grounds in his motion. See generally United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives a

1

waiver of § 2255 rights "only when the claimed assistance directly affected the validity of that waiver or the plea itself"); <u>United States v. Wilkes</u>, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights). If there are claims in his motion that are not barred by the waiver, the United States' response shall address those claims on their merits.

It is further ORDERED that the United States provide, at the time of its answer, transcripts of all pertinent proceedings that are not already part of the record. Relevant affidavits, if any, are also to be filed with the answer.

Pursuant to Rule 5(d) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2006), Colorado may file a reply not later than thirty days after service of the government's answer.

## II.   Movant's Motions for Name Change

Movant has also filed three motions in which he requests that mail be sent to him in the name and register number of Jose Luis Roman, one of his aliases. (D.E. 32, 33, 34.) Apparently, the problem over Movant's name is that the BOP has two different names and register numbers for this same individual. Colorado was first indicted in an earlier federal case under his alias name of Jose Luis Roman. (<u>See</u> attached indictment in Cr. No. H-00-575.) Judgment was also entered against him in that name. (Cr. No. H-00-575, D.E. 47.) The BOP has him in its system under that name, with a register number of 88685-079. When the same individual was convicted in this case, judgment was entered under his true,

legal name of Oscar Vallesilla Colorado. The BOP assigned him a separate register number of 65288-179.

Apparently, FCI Allenwood in Pennsylvania, where he is currently incarcerated, will not accept legal mail addressed to him in the name of Oscar Vallesilla Colorado, but is only allowing mail to be sent to him by his alias name of Jose Luis Roman. He thus requests that all his mail in the § 2255 proceedings be sent to him in the name of "Jose Luis Roman 88685-079 a/k/a/ Oscar Vallesilla Colorado." (D.E. 32.)

In order to ensure that Movant receives his mail related to these § 2255 proceedings, the Court GRANTS his motions (D.E. 32, 33, 34) concerning mail being addressed to him. The Court instructs the Clerk's office to direct all mail to Colorado, and ORDERS that the government shall also address all mail to Colorado, at the following address:

**Jose Luis Roman, Reg. No. 88685-079**
**Ocsar Colorado, Reg. No. 65288-179**
**FCI Allenwood**
**P.O. Box 2000**
**White Deer, PA 17887.**

### III.   Motions for Petition for Writ of Mandamus and to Waive Filing Fee

On August 6, 2007, Colorado filed a motion seeking a petition for writ of mandamus. (D.E. 36). Although he appears to be seeking relief from the Fifth Circuit, he has filed the motion with this Court. In it, he explains that he is seeking a writ of mandamus to compel this Court to act on his pending § 2255 motion. As is evident from this Order, the Court has reviewed his § 2255 motion and related motions and has ordered a government response

3

to the § 2255 motion herein. Thus, to the extent he seeks relief from this Court, it is DENIED. Similarly, his request that the Court waive the "filing fee" for the petition for writ of mandamus (D.E. 35) is also DENIED AS MOOT.

If, despite this Order, Movant wishes to seek mandamus relief from the Fifth Circuit, he may file any such petition with that court.

## **CONCLUSION**

For the foregoing reasons, a briefing schedule is set as detailed in Section I, supra. Movant's motions for mail to be addressed to him in a different name (D.E. 32, 33, 34) are GRANTED. The Court instructs the Clerk's office to direct all mail to Colorado, and ORDERS that the government shall also address all mail to Colorado, at the following address:

> **Jose Luis Roman, Reg. No. 88685-079**
> **Ocsar Colorado, Reg. No.  65288-179**
> **FCI Allenwood**
> **P.O. Box 2000**
> **White Deer, PA 17887.**

Additionally, Movant's petition for a writ of mandamus (D.E. 36) is DENIED, and his motion to waive the filing fee for his writ of mandamus (D.E. 35) is DENIED AS MOOT.

Ordered this 26th day of August, 2007.

_____
HAYDEN HEAD
CHIEF JUDGE