IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-499 |
| | § | C.A. No. C-07-204 |
| OSCAR VALLESILLA COLORADO, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE,
AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Oscar Vallesilla Colorado's ("Colorado") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 31.)[1] The Court ordered the government to respond (D.E. 37), and the government filed a response in which it also moves for summary judgment, or alternatively, for dismissal. (D.E. 41-43.) Colorado filed a reply on November 1, 2007 (D.E. 44), which the Court has also considered.

As discussed in detail herein, Colorado's motion contains three grounds for relief, but the first ground asserts three separate allegations. Thus, the Court interprets his motion as raising the following five claims: (1) his guilty plea was unknowing, unintelligent, and involuntary because his counsel misled and misinformed him as to the consequences of his

---

[1] Dockets entries refer to the criminal case, C-06-cr-499.

plea; (2) his guilty plea was unknowing and involuntary because the Court failed to fully comply with Rule 11; (3) his counsel was ineffective for coercing him and misinforming him that he could not appeal his sentence; (4) his counsel was ineffective in failing to file a motion to dismiss the indictment; and (5) his counsel was ineffective for failing to request a downward departure pursuant to U.S.S.G. § 5H1.1, based on cultural assimilation.

His third, fourth, and fifth grounds for relief are subject to dismissal because he waived his right to file those claims. His first two claims, however, arguably fall outside the scope of his waiver, because they challenge the legality of his plea and thus his waiver. Nonetheless, these two claims fail on their merits. For these reasons, the Court DENIES his § 2255 motion. Additionally, the Court DENIES Colorado a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTS AND PROCEEDINGS

**A.     Summary of Offense[2]**

On June 27, 2006, Colorado drove a vehicle into the Sarita, Texas, Border Patrol checkpoint. He initially told the U.S. Border Patrol agent conducting the immigration inspection that he was a United States citizen. Immigration records checks, however,

---

[2] The offense conduct as set forth herein is derived from Paragraph 4 of Colorado's Presentence Investigation Report ("PSR").

2

revealed that Colorado was deported to Colombia on April 15, 1999, subsequent to an aggravated felony conviction, and on March 8, 2005, subsequent to a drug trafficking offense. Colorado admitted that he was illegally in the United States.

**B.     Criminal Proceedings**

On July 12, 2006, Colorado was charged in a single-count indictment with being illegally present in the United States after having previously been denied admission, excluded, deported and removed, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (D.E. 8.) On August 10, 2006, Colorado pleaded guilty pursuant to a written plea agreement. (D.E. 19; see also Minutes dated August 10, 2006.) In exchange for his guilty plea and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive a three-level credit for acceptance of responsibility, and to recommend a sentence within the applicable guideline range. (D.E. 19 at ¶ 2.)

The plea agreement contained a voluntary waiver of Colorado's right to appeal and to file a § 2255 motion:

> Defendant waives his/her right to appeal both the conviction and the sentence imposed. Defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal only (a) a sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States, as set forth in 18 U.S.C. § 3742(b). Additionally, the defendant is aware that Title 28, U.S.C. §2255, affords the right to contest or "collaterally attack" a

3

> conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 19 at ¶ 7) (emphasis in original). The agreement was signed by both Colorado and his counsel. (D.E. 19 at 5.)

During the rearraignment, the prosecutor outlined Colorado's plea agreement, including a statement that the defendant "understands that today he is waiving his right to appeal both the conviction and the sentence imposed and he is waiving the right to appeal the sentence imposed or the manner in which it was determined . . . . He is also waiving the right to collaterally attack his conviction or sentence after that conviction or sentence has become final." (D.E. 39, Rearraignment Transcript ("R. Tr.") at 10-11.) After that summary was given, Colorado testified that the plea agreement was his, that it was read to him in Spanish, that he understood it, that his attorney had answered his questions about it, and that he signed it. (R. Tr. at 11.)

The Court questioned Colorado under oath at the rearraignment to ensure that he understood and was voluntarily relinquishing his appeal rights and, in particular, his right to file a § 2255 motion:

> THE COURT: You are also giving up your right to appeal the sentence that the Court imposes and you are giving up rights to later challenge by petition, under Title 28 of the United States Code, Section 2255, to challenge your conviction or your sentence after they have become final. Do you understand that you are giving up all those rights as well?

> THE DEFENDANT: Yes, sir.
>
> THE COURT: And do you want to give up your right to appeal the sentence that I impose as well as the right to appeal the conviction? Because you will be giving up both of those rights.
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you want to give them up?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And you will be giving up your right to file any petition later, after your conviction and sentence become final, to challenge your conviction or sentence. Do you want to give up that right as well?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And did you talk to your attorney before making the decision to give up those rights?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And do you believe that it is in your best interest to give up those rights?
>
> THE DEFENDANT: Yes, sir.

(R. Tr. at 12-13.) It is clear from the foregoing that Colorado's waiver was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The Court ordered the U.S. Probation Office to prepare a Presentence Investigation Report ("PSR") and sentencing occurred on October 19, 2006. The Court sentenced Colorado to 72 months in the custody of the Bureau of Prisons, to be followed by a three-year supervised release term, and also imposed a $100 special assessment. (D.E. 28, 29.) Judgment of conviction and sentence was entered October 30, 2006. (D.E. 29.)

Consistent with his waiver of appellate rights, Colorado did not appeal. Colorado's § 2255 motion was received by the Clerk on May 1, 2007. (D.E. 31.) It is timely.

### III.  MOVANT'S ALLEGATIONS

As noted, Colorado's motion contains three grounds for relief, but his first ground arguably asserts three different claims. Thus, the Court construes his motion as raising a total of five claims. First, he argues that his counsel misled and misinformed him as to the consequences of his plea, and thus that his guilty plea was unknowing, unintelligent, and involuntary. (D.E. 31 at 4, Supporting Memorandum (hereinafter "Mem.") at 3. Specifically, he claims that his counsel told him he would be sentenced to 15-21 months because he had been denied a due process right to a deportation hearing and thus could not be given "additional sanctions" under 8 U.S.C. § 1326. (D.E. 31, Mem. at 3.) He states that, had he known he would be sentenced to "maximum punishment," he would have insisted on going to trial. (D.E. 31, Mem. at 4.) He also seems to be claiming that he should not have been subjected to additional punishment because he had not previously received a deportation hearing, that his counsel knew this, and that his counsel nonetheless allowed him to plead guilty. (Id.) Additionally, he alleges that his counsel did not properly explain to him and that he did not understand the waiver of his right to appeal and to file a § 2255 motion. (D.E. 31, Mem. At 3.)

Second, he argues that his guilty plea and his waiver are invalid and unenforceable because the Court allegedly did not conduct a proper Rule 11 hearing. (D.E. 31 at 4, Mem.

6

at 6-7.) He lists nine topics from Rule 11 that he contends the Court did not inform him of prior to taking the plea. These include an alleged failure to advise Colorado of the nature of the charges against him, the elements of his offense, the effects of his appellate and § 2255 waivers, the correct mandatory minimum and maximum penalties for his offense, the fact that the Court was required to consider the Sentencing Guidelines when determining his sentence, and an alleged failure to inquire as to whether Colorado was taking any medication and whether he fully understood the charges against him. (D.E. 31, Mem. at 6-7.)

Third, he claims that his counsel was constitutionally ineffective for coercing him and misinforming him that he could not appeal his sentence. (D.E. 31 at 4.) In his supporting memorandum, Colorado's allegation is slightly different. In the memorandum, he claims that his counsel was ineffective because he told him he would be able to appeal and to file a § 2255 motion when, in fact, his agreement waived those rights. (D.E. 31, Mem. at 3.)

Fourth, he claims that his counsel was ineffective in failing to file a motion to dismiss the indictment. (D.E. 31 at 5, Mem. at 8-10.) He explains that the indictment should have been dismissed because he was not afforded a proper deportation hearing before he was removed previously. He argues that his counsel should have collaterally attacked his prior deportation by establishing that the hearing was fundamentally unfair. (D.E. 31, Mem. at 8-10.)

Fifth and finally, Colorado claims that his counsel was constitutionally ineffective

for failing to request a downward departure pursuant to U.S.S.G. § 5H1.1, based on cultural assimilation. (D.E. 31 at 8, Mem. at 10).

In its response, the United States argues that summary judgment is proper against Colorado's claims related to his plea. It thus argues that the plea agreement and § 2255 waiver are enforceable and asks for specific enforcement of the plea agreement. (D.E. 41 at 4-5.) Alternatively, it argues that all of Colorado's claims are without merit and thus subject to dismissal. It has also included the affidavit of Colorado's counsel in the criminal proceedings, which the Court has reviewed and expanded the record to include. (See D.E. 41 at Exh. A.)

Additionally, Colorado has filed a reply. (D.E. 44.) In it, he essentially reiterates many of his original arguments. (See generally D.E. 44.) He emphasizes that his counsel "promised" him he would receive a sentence of only 15-21 months. (D.E. 44 at 3.) He also stresses that his counsel failed to inform him of the possibility of a due process challenge to his prior deportation proceedings and that defects in those prior proceedings require him to be sentenced to no more than 24 months.

For the reasons set forth herein, Colorado's claims fail.

### IV. DISCUSSION

**A.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the

district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165 (1982).

### B.     Colorado's Waiver of § 2255 Rights

The Court does not reach the merits of Colorado's third, fourth and fifth claims because they fall within the scope of his waiver.  See United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights).  His ineffective assistance claims based on counsel's failure to appeal, counsel's failure to move to dismiss the indictment, and counsel's failure to ask for a downward departure at sentencing all fall clearly within the scope of his waiver, and are thus barred.  See United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself").

Colorado's first two claims, however, are challenges to the validity of his plea and his waiver of § 2255 rights and appellate rights.  These claims arguably fall outside the

9

scope of his waiver. See White, 307 F.3d at 343-44. Thus, the Court turns to the merits of these claims.

## C. Alleged Ineffective Assistance of Counsel As to Plea

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

In order to show prejudice arising from an attorney's ineffective assistance during the plea negotiations or the plea itself, Colorado must show that, absence his counsel's deficiencies, he would have proceeded to trial. See United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000) (in order to show prejudice as a result of ineffective assistance during

10

the guilty plea process, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial") (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)).  This is a showing that cannot be met here.  The rearraignment transcript clearly establishes that Colorado's decision to plead guilty was his own and that it was entirely voluntary.

At his rearraignment, Colorado testified in open court that he had received a copy of his indictment and discussed it with his attorney. (R. Tr. at 3-4.) He testified that he had enough time to discuss his case with his attorney, that he was satisfied with his attorney's services, that his attorney was following Colorado's instructions, and that he and his attorney were able to communicate and understand each other in Spanish. (R. Tr. at 4-5.) The Court informed Colorado of the various trial rights available to him, and he testified that he understood that if he pleaded guilty, he would be giving up those trial rights.  (R. Tr. at 5-7.)  The Court informed Colorado of the charge against him and Colorado testified that he understood the charge.  (R. Tr. at 7.)

Consistent with Rule 11, Fed. R. Crim P., the Court explained to Colorado the maximum punishment that he might receive.  Specifically, the Court informed him that, depending on his criminal history, he could be sentenced to a maximum of twenty years in prison and a maximum fine of $250,000.  The Court also informed him that there was a mandatory $100 special assessment, and a maximum supervised release term of three years. (R. Tr. at 8.)  Colorado testified that he understood, and also told the Court that his attorney

11

had discussed potential punishments with him and had described them like the Court described them to him. (R. Tr. at 8-9.)

Colorado further testified that no one had threatened him or forced him to plead guilty, that no one had promised him leniency if he pleaded guilty, that it was his decision to plead guilty, and that he was pleading guilty because he knew he made a mistake in coming into the United States. (R. Tr. at 9-10.) Significantly for purposes of Colorado's ineffective assistance claim, Colorado further testified that no one had promised him what his sentence would be. (R. Tr. at 13.)

Contrary to Colorado's claims, the Court also expressly informed him that the sentencing guidelines were advisory, but that the Court must take them into consideration in sentencing him. (R. Tr. at 9.) Colorado testified that he understood. (R. Tr. at 9.)

Colorado's sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Colorado's sworn statements at the rearraignment show that he fully understood the rights he was giving up under the plea agreement, including his right to § 2255 relief. Those sworn statements also make clear that he was not promised any particular sentence but that he, in fact, understood what his sentencing exposure was and the maximum possible punishment he faced. See Wilkes, 20 F.3d at 653.

12

Similarly, Colorado's claim that his counsel was ineffective for allowing him to plead guilty even though he had allegedly not been afforded a deportation hearing before being previously deported is without merit. Entered into evidence at the rearraignment was a final administrative removal order which ordered Colorado deported and removed from the United States to Columbia. It was also signed by Colorado, indicating that he was giving up his right to challenge the INS official's decision. He agreed that he had signed it and that he gave up his right to challenge the deportation by his signature. (R. Tr. at 17-18.) Thus, by his own admission, the documentation in the case firmly supports that due process was followed in Colorado's deportation proceedings.[3] Even if his counsel had raised such an objection, therefore, it appears that it would have been meritless United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

In short, Colorado cannot overcome his testimony at the rearraignment – which clearly established a knowing and voluntary plea – to now show that he would have insisted on going to trial but for counsel's performance. Thus, Colorado cannot prove the prejudice

---

[3] Colorado repeatedly faults his deportation proceedings because he alleges he did not receive a removal hearing. If he validly waived that right, however, then his due process rights were not violated. See United States v. Benitez-Villafuerte, 186 F.3d 651, 656-57 (5th Cir. 1999) (the general due process right to a hearing prior to deportation can be waived.)   He has not presented anything to the Court that shows his waiver in those proceedings was not knowing or voluntary.

13

prong of the Strickland inquiry, and it is unnecessary to determine whether his counsel's performance was deficient. His claim of ineffective assistance in the plea process fails.

**D.     Court's Alleged Failure to Comply With Rule 11**

Similarly, Colorado's second claim, i.e., that the Court failed to follow the mandate of Rule 11, is also without merit. Although Colorado presents a laundry list of items that he contends the Court failed to advise him regarding, the rearraignment transcript clearly shows otherwise. This claim is flatly contradicted by the record and wholly without merit.

Because the Court concludes that Colorado's challenges to the validity of his plea agreement fail, the Court finds that his plea agreement and his waiver of § 2255 rights contained therein are valid and enforceable. Accordingly, the Court turns to the effect of his waiver of § 2255 rights on his remaining claims.

**E.     Waiver of § 2255 Rights**

As noted, it is clear from the rearraignment that Colorado understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required for his waiver to be enforceable. (R. Tr. at 22.) See Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up). Again, Colorado's statements under oath are entitled to a strong presumption of truthfulness. Wilkes, 20 F.3d at 653; Cothran, 302 F.3d at 283-84. Those statements support the Court's conclusion that his wavier was knowing and voluntary. As noted supra at pages 8-9, Colorado's remaining claims clearly fall within the scope of that

14

waiver.

In sum, while Colorado's ineffective assistance claim as to his plea and his claim that the Court violated Rule 11 are denied on the merits, his remaining allegations of ineffective assistance of counsel fall within the scope of his waiver. Therefore, they are not properly before the Court. For these reasons, Colorado's § 2255 motion is DENIED in its entirety.

## F.    Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Colorado has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he


petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right ***and*** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Colorado is not entitled to a COA as to any of his claims. That is, reasonable jurists could not debate the Court's resolution of his ineffective assistance claim as to the plea or its resolution of his claim that the Court failed to follow proper Rule 11 procedures. Similarly, jurists of reason would not find it debatable that his valid and knowing § 2255 waiver precludes consideration of his remaining claims.

## V. CONCLUSION

For the above-stated reasons, Colorado's motion under 28 U.S.C. § 2255 (D.E. 31) is DISMISSED WITH PREJUDICE. The Court also DENIES him a Certificate of

Appealability.

As set forth in the Court's prior order, the Clerk is instructed to address the envelope containing the Movant's copy of this order and accompanying final judgment as follows:

**Jose Luis Roman, Reg. No. 88685-079**
**Oscar Colorado, Reg. No. 65288-179**
**FCI Allenwood**
**P.O. Box 2000**
**White Deer, PA 17887**

(See D.E. 37.)

Ordered this 23rd day of February, 2008.

_____
HAYDEN HEAD
CHIEF JUDGE