IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-499 |
| | § | C.A. No. C-07-204 |
| OSCAR VALLESILLA COLORADO, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR EXTENSION OF TIME TO APPEAL**

By memorandum opinion and order signed February 23, 2008 and entered February 25, 2008, the Court denied Oscar Vallesilla Colorado's ("Colorado") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 45). Final judgment was entered on February 25, 2008. (D.E. 46). Colorado had sixty days from that date to file his notice of appeal, or until April 25, 2008. See Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts (Rule 4(a) of the Federal Rules of Appellate Procedure applies to appeals of § 2255 motions); Fed. R. App. P. 4(a)(1)(B) (deadline for filing notice of appeal is sixty days where United States is a party); see also United States v. Truesdale, 211 F.3d 898, 903 (5th Cir. 2000) (noting same).

According to the docket sheet in this case, the opinion and final judgment never reached Colorado, as the mail was returned as undeliverable. (D.E. 48, 49.) On June 24,

2008, Colorado sent a document to the Court requesting information about the status of his § 2255 motion and also providing a change of address. (D.E. 50.) At that point, copies of the Court's order denying his § 2255 motion and final judgment were sent again to him. (D.E. 51.) Again, those documents were received back as undeliverable. (D.E. 52.)

On July 21, 2008, the Clerk received from Colorado a document titled as a "Motion to File Notice of Appeal Out of Time Based on Excusable Neglect," which the Clerk has properly docketed as both a Notice of Appeal, and a motion for extension of time to file a notice of appeal. (D.E. 53, 54.) In it, he explains that he did not learn that his § 2255 motion had been denied until June 24, 2008. On that date, he was searching the prison computer and noted that his petition was denied February 23, 2008. He further states that he was never informed by the court that his case was denied. (D.E. 54 at 1.) Although he states that he seeks leave to file his appeal out-of-time based on excusable neglect, the Court construes Colorado's motion as one to reopen the time to file an appeal, pursuant to Fed. R. App. P. 4(a)(6).

Under Rule 4(a)(6), this Court may reopen the time to file an appeal for an additional 14-day period only if all of the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party

>> receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

All of these conditions are satisfied in this case. First, the Court finds that Colorado did not receive notice of the entry of the final judgment within 21 days after its entry. Indeed, the docket sheet in this case clearly supports Colorado's contention that he did not receive proper notice of the Court's order and final judgment prior to filing his motion for extension of time. As noted above, although the order and judgment were mailed to him several times, they were returned as undeliverable each time.

The first time, the document was apparently refused by the Bureau of Prisons because it contained both the names Oscar Vallesilla Colorado and Jose Luis Roman, as directed by prior Order of this Court. (See D.E. 47; see also D.E. 37 (Court's prior order instructing mail to be addressed a certain way in order to ensure it reached Colorado).) The automatically-generated notices containing the order and final judgment sent to Colorado contained only the name Colorado and were both returned as undeliverable as a result. (D.E. 48, 49.)

After Colorado wrote to the Court inquiring about the status of his case and providing his new address, the Bureau of Prisons again refused the mail because it

3

contained only Colorado's name and the BOP indicated it was unable to identify the inmate. (D.E. 51.)

Thus, it appears that Colorado has, to date, still not received a copy of the Court's prior order and final judgment. To remedy that error, the Clerk is directed to provide to Colorado a copy of this Order, and to send with it a copy of Docket Entries 45 and 46. The Clerk shall mail one copy utilizing *only* Colorado's name and register number, a second copy addressed *only* to Jose Louis Roman, Reg. No. 88685-079, and a third copy addressed to *both* names and register numbers. This should ensure that at least one of the mailings reaches Colorado.

In any event, it is clear that Colorado did not receive notice of the entry of judgment under Fed. R. Civ. P. 77(d) within 21 days after entry. Thus, the first condition of Fed. R. App. P. 4(a)(6) is satisfied.

Second, Colorado filed his motion to reopen the time to appeal before even receiving proper notice, and it has not yet been 180 days since the entry of judgment. Thus, the second condition is also satisfied.[1]  See Fed. R. App. P. 4(a)(6)(B).

---

[1] Although not proper notice, Colorado did receive notice of the judgment while searching the prison computer. According to his motion, he learned of the denial of his motion on June 24, 2008. His motion was received by the Clerk on July 21, 2008, but was dated July 16, 2008. Under the rule enunciated in Houston v. Lack, 487 U.S. 266 (1988), motions filed by *pro se* prisoners are generally deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." 487 U.S. at 276; see also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings); Fed. R. App. P. 4(c)(1) (indicating same rule applies to notices of appeal). Since Colorado's motion is deemed filed on July 16, 2008, the Court finds he has acted diligently in seeking leave to appeal.

Third, this Court finds that no party will suffer any prejudice if this Court reopens the time to appeal. See Fed. R. App. P. 4(a)(6)(C). The appeal has still been filed within six months of the entry of judgment, and less than three months after the usual deadline for appealing has expired. The government will not be prejudiced by this slight delay, particularly given that the issues in this appeal are primarily issues of law.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS Colorado's motion to file his appeal out of time (D.E. 53) and deems his Notice of Appeal (D.E. 54) timely filed. See Fed. R. App. P. 4(a)(6). Additionally, the Clerk is directed to mail this Order and docket entries 45 and 46, addressed as set forth specifically in this Order.

It is so ORDERED this 15th day of August, 2008.

*Hayden Head*
HAYDEN HEAD
CHIEF JUDGE